Caroline Lineberger, by her guardian, B. G. King, *v.* John S. Newkirk and Mary Newkirk, Appellants.

*Life estate—Tenant by the curtesy—Merger—Title.*

Where a woman dies intestate seized of real estate, leaving to survive her, her husband and one child, to whom the husband subsequently makes a quitclaim deed of all his interest and title to the property, the life estate as tenant by the curtesy merges in the fee, and the child does not derive title from the father, but from the mother.

*Ejectment—Equitable and legal ejectment.*

Where an issue in an action of ejectment is upon the signature of the plaintiff to a deed to the defendant's deceased wife and the condition of the plaintiff's mind at the time of the signature, the action is a legal, and not an equitable, ejectment.

A woman died intestate, leaving a husband and daughter to survive her

Before her death she was in possession of land which she claimed under a deed from N. After her death N. brought ejectment against the husband and recovered the land. In this action the only question was as to the validity of N.'s signature and the condition of his mind when he made the deed. After this suit the husband quitclaimed all his estate to his daughter, who, by her guardian, brought an ejectment against N., when the same issues were raised as in the former ejectment. *Held*, (1) that the daughter derived title from her mother and not from her father; (2) that the first ejectment was a legal, and not an equitable, ejectment; (3) that as the first ejectment was between her father and N., and as there was no privity of estate between her and her father, the record of the first ejectment was inadmissible, even if the first ejectment could be considered an equitable ejectment.

Argued Oct. 13, 1896. Appeal, No. 5, Oct. T., 1896, by defendants, from judgment of C. P. Mercer Co., Sept. T., 1893, No. 91, on verdict for plaintiff. Before Sterrett, C. J., Green, Williams, McCollum, Mitchell, Dean and Fell, JJ. Affirmed.

Ejectment for a tract of land in West Middlesex borough.

At the trial it appeared that John S. Newkirk and Mary Newkirk, his wife, had owned and were in possession of this property as tenants in common for a number of years prior to March 28, 1882, and on said date a deed purports to have been made by them to one Ruth Lineberger. Under this deed the said Ruth Lineberger, with her husband, Lester Lineberger, went into possession of the said property, and subsequent thereto the said Ruth Lineberger died intestate, leaving to survive her, her said husband and one daughter, Caroline Lineberger, a minor and the plaintiff in this case, the said husband continuing in the possession as tenant by the curtesy; that at No. 61, September term, 1889, suit in ejectment was brought by John S. Newkirk, one of the defendants above named, against Lester Lineberger, the above named tenant by the curtesy, for the possession of said described land, which was tried at the May term of said court, in 1890. In this case the plaintiff, John S. Newkirk, set forth as his claim to said land that the deed aforesaid, dated March 23, 1882, was not his deed; first, that he never made, signed or executed any such deed, and second, that at the time said deed purports to have been executed he was insane and absolutely incompetent to execute a deed.

The case was submitted to the jury on the charge of the court, in substance, that if the jury found from the evidence that the plaintiff, John S. Newkirk, did not sign the deed in question, the verdict should be in favor of the plaintiff; that if they found that John S. Newkirk did sign said deed, but at the time of so doing the jury should find from the evidence that he was insane, they should also find the amount of improvements made by the defendants upon said land for the purpose of enabling the court to equitably frame the judgment in the case; that if the jury found from the evidence that John S. Newkirk did execute said deed, and at the time of so doing he was of sufficient mental capacity to make a deed, then the verdict of the jury should be for the defendant.    Under this charge of the court the jury found for the plaintiff generally and judgment was entered upon the verdict.    A writ of habere facias possessionem was subsequently issued and the plaintiff placed in possession of the property involved in the issue.

Some time after John S. Newkirk was placed in possession of the said property, one B. G. King was appointed guardian for said Caroline Lineberger and brought this suit on August 31, 1893.    On December 21, 1894, Lester Lineberger made a quitclaim deed of all his right, title, interest and claim to said property to his daughter, the said Caroline Lineberger, and by an agreement of the parties, by a paper filed in this case, it was agreed that said deed should have the same force and effect in the cause as it would have had if it had been executed and delivered before the commencement of this suit.    This case was tried at March term, 1895.    The questions of issue were entirely the same as in the case at No. 61, September term, 1889, to wit: whether the said John S. Newkirk did sign the said deed, dated March 23, 1882, or whether if he did sign the same he was of sufficient mental capacity to so do.    The defendants offered the record and judgment at No. 61, September term, 1889, for the purpose of showing that the questions involved in this issue had been therein and thereby conclusively determined.    This offer was refused by the court on the grounds, and for the reason, that the issue in this case, in the view of the court, was between different parties; holding also that the record and judgment in the former case was not evidence for any purpose in this case for the same reason.

Verdict and judgment for plaintiff.   Defendants appealed.

*Errors assigned* were, (1) ruling on evidence as above, but not quoting the bill of exceptions; (2) refusing to decide the question as to whether or not the ejectment at No. 61, September term, 1889, was an equitable ejectment, in which the verdict and judgment was conclusive against all parties claiming to hold under the deed in question; (3) in holding that the record and judgment at No. 61, September term, 1889, was incompetent and irrelevant in this case for the reason that the present plaintiff could not be affected thereby, even though she claimed under the deed which the verdict of the former jury had declared invalid for the reason that the same had never been signed and executed by John S. Newkirk; (4) in holding that there was merger of the life estate of Lester Lineberger in the greater estate claimed in this case by the plaintiff through the quitclaim deed of Lester Lineberger to Carrie Lineberger, dated December 21, 1894; (5) in not holding that the ejectment at No. 61, September term, 1889—J. S. Newkirk v. Lester Lineberger—was what is known to the law as an equitable ejectment, and that the verdict and judgment in the same was conclusive, and that no other or subsequent ejectment would lie for the recovery of said land based upon the same subject-matter or deed, which was in question in said case, and that this suit was precluded by the verdict and judgment in the former case.

*J. G. White*, with him *A. B. Thompson*, for appellants.—The former ejectment was an equitable one : Peterman v. Huling, 31 Pa. 432; Church v. Ruland, 64 Pa. 432 ; Winpenny v. Winpenny, 92 Pa. 440.

If the suit at No. 61, September term, 1889, was a substitute for a bill in equity to determine the validity of the deed under which the defendant claimed the curtesy, then by the verdict and judgment in said case his tenancy was extinguished and the same became vested in the plaintiff in the former case.   The quitclaim deed of the tenant by the curtesy to his daughter, the present plaintiff, could convey to her nothing, as he had after the former judgment no estate to convey.

*Q. A. Gordon*, with him *W. H. Cochran*, for appellee.—The

rule which allows a recovery in a former ejectment to be put in evidence in a subsequent one is expressly confined to cases where the land, the title and the parties are the same, but if not so, they must stand in privity with each other : Timbers v. Katz, 6 W. & S. 290 ; Sample v. Coulson, 9 W. & S. 62; Chase v. Irvin, 87 Pa. 286.

If the life tenant has assigned his estate to one having no other interest in the land and the assignee were the plaintiff in this case, the principle contended for by the appellants would apply.    Under these circumstances the estate of the life tenant would have been preserved, and the title would have been the same as in the former suit.    Likewise the plaintiff would then stand in privity with the life tenant, and all the conditions prescribed by the rulings of this court for making the judgment in the former case competent evidence in this would be fulfilled. But when the life tenant released his estate to the remainderman by means of the quitclaim deed, it merged in the fee: Wallace v. Blair, 1 Grant, 75 ; Pennock v. Eagles, 102 Pa. 290 ; Bryar's App., 111 Pa. 81 ; 2 Blackstone's Com., 178.

OPINION BY MR. JUSTICE GREEN, January 4, 1897 :

We cannot assent to the proposition that the plaintiff's title to the land in dispute is derived through her father.    She cannot be regarded, therefore, as claiming in privity with him, and hence the rejection of the offer of the record of the first ejectment was entirely correct.    Her father's interest was as tenant by the curtesy, and in any event terminated with his life.    It was of course terminable at any time by a voluntary surrender to the tenant in reversion, and the release executed by him to his daughter was a merger of his life estate with the fee.    The proposition that the first action was an equitable ejectment is equally untenable.    The issues in the first ejectment were upon the signature of J. S. Newkirk to the deed in question and the condition of his mind at the time of the signature.    These are plain ordinary issues at law.    They involve the legal title under the deed, and they are properly to be determined by a jury, and not by the court.    They do not involve equitable considerations or the determination of facts upon which an equitable title arises. As in our opinion it is very clear that the first action was not an equitable ejectment, it would not be conclusive against a

second ejectment even if it were brought by the defendant in the first, and it could not, possibly, be conclusive against the plaintiff in the present case, who was neither a party to the first writ nor in privity with the defendant therein.

The assignments of error are dismissed.

Judgment affirmed.